UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Christopher Bradley, | Case No. 2:26-cv-00102-CDS-BNW |
| Plaintiff | **Order Denying Emergency Motions, Motion for a Temporary Restraining Order, Motion for Leave, Request for Judicial Notice, and Striking Improper Notices** |
| v. | |
| Carla Bradley, et al., | |
| Defendants | [ECF Nos. 2, 7, 8, 9, 10, 11, 12, 13, 14, 15] |

On November 12, 2025, pro se plaintiff Christopher Bradley initiated this purported civil rights action by filing a complaint and a motion for a temporary restraining order (TRO) against several defendants. Compl., ECF No. 1; Mot. for TRO, ECF No. 2. On January 23, 2026, Christopher[1] filed an emergency motion for a hearing on his TRO request, and an emergency motion for identity vindication and court-mandated comprehensive federal investigation. Emerg. mot. for TRO, ECF No. 9; Emerg. mot. for identity and investigation, ECF No. 10. On the same date, Christopher filed several notices and a request for judicial notice. ECF Nos. 7–8, 11, 13–15. For the reasons explained herein, Christopher's motions and request for judicial notice are denied, and his notices are stricken.

I.    **Discussion**

A.  **Christopher's emergency motions (ECF Nos. 9, 10) are denied.**

The local rules of this district provide the court with the sole discretion to determine whether an "emergency" motion is, in fact, an emergency. Local Rule 7-4(c).[2] Emergency

---

[1] Because the plaintiff and the first defendant, Carla Bradley, share the same last name, I refer to the plaintiff by his first name for clarity. I mean no disrespect in doing so.

[2] The plaintiff is advised that his pro se status does not allow him to disregard the rules of the court. All litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules"). A copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-

motions are disfavored and "should be rare" because of the "numerous problems they create for the opposing party and the court in resolving them." LR 7-4(b); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). Indeed, the filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza*, 141 F. Supp. 3d at 1141. That is because emergency motions burden both the parties and the court, requiring each to "abandon other pressing matters to focus on the pending 'emergency.'" *Id.*

Generally, an emergency motion is appropriate only when the movant has shown: (1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, the crisis occurred because of excusable neglect. *Id.* at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, then no sufficient justification for bypassing the default briefing schedule exists and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

Having reviewed Christopher's motion for expedited hearing on his request for a TRO and emergency motion for identity vindication and court-mandated investigation, I find neither meets the criteria to be considered an emergency.[3]

---

content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Failure to comply with court orders or rules in the future may result in the issuance of sanctions, which may include dismissal of this action.

[3] Christopher's motion for identity vindication and court-mandated comprehensive Federal Investigation would be denied even if he complied with the rules regarding emergency motions because federal courts cannot order investigations. The constitutional doctrine of separation of powers vests investigative and prosecutorial authority exclusively in the executive branch, while the judicial power is limited to deciding cases and controversies. *See* U.S. Const. art. II § 1, cl. 1; *id.* art. III § 1; *see also Pinson v. U.S. Dep't of Just.*, 514 F. Supp. 3d 242 n.2 (D.D.C. 2021) (cleaned up) (noting that courts have consistently held that "the power to decide when to investigate lies at the core of the Executive's duty to see to the faithful execution of the laws, so when reviewing the exercise of that power, the judicial authority is at its most limited").

First, both motions fail to comply with Local Rule 7-4. *See* LR 7-4. That rule sets forth the proper procedure for filing emergency motions. It requires that a party filing an emergency motion include a declaration that includes:

> A statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the [moving party] has been unable to resolve the matter without court action. The statement also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.

LR 7-4(a)(3). Although Christopher's motion for an expedited hearing includes a declaration, it fails to include the meet-and-confer certification. *See* ECF No. 9-1 at 1–6. Christopher's motion for identity vindication and a court-ordered investigation fails to include a declaration altogether. ECF No. 10. Further, LR 7-4(d) requires that, at the time an emergency motion is filed or shortly thereafter, the moving party "advise the courtroom administrators for the assigned district judge and magistrate judge that the motion was filed." LR 7-2(d). There is no indication that Christopher complied with this provision of the rule.

Because both motions are not emergencies, and because Christopher failed to comply with LR 7-4, his motions for an expedited hearing on his request for a TRO and for identity vindication and a court-ordered investigation are denied without prejudice. If Christopher seeks to file future emergency motions, he *must* comply with the local rules and include a declaration discussing the meet-and-confer requirement with the opposing party, or clearly explain why a meet-and-confer is not possible.

**B. Christopher's motion for a temporary restraining order (ECF No. 2) is denied.**

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, the court applies

a four-factor test. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). That test requires a plaintiff seeking the TRO to demonstrate the (1) likelihood of success on the merits, (2) likelihood to suffer irreparable harm in the absence of the TRO, (3) balance of equities tips in plaintiff's favor, and (4) the TRO is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l. Sales Co.*, 240 F.3d at 839 n.7 (explaining that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

In the Ninth Circuit, courts also consider a request for a TRO using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, "when plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1135).

Rule 65 permits a court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney but only if two conditions are met. First, the motion must clearly demonstrate, based on "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or [their] attorney can be heard in opposition." Fed. R. Civ. P. 65(b). Second, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required." *Id.* at (1)(B).[4] The Ninth Circuit recognizes that "the circumstances justifying issuance of an ex parte temporary restraining order are extremely limited." *Rovio Entertainment Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1094 (N.D. Cal. 2012).

---

[4] The rule states the "movant's attorney," however because Christopher has appeared pro se, the rule applies to him.

Christopher fails to demonstrate a TRO is warranted here, much less an ex parte TRO. No defendant has been served, nor has any defendant received notice of this motion. This circuit has emphasized that "very few circumstances justif[y] the issuance of a TRO without notice, particularly where notice could have been given to the adverse party." *Jones v. H.S.B.C.*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012). While the motion advances serious allegations against the defendants, it wholly fails to explain why Christopher has not been able to serve them with notice of this action and the TRO motion.[5] Accordingly, the motion is denied. *See* Fed. R. Civ. P. 65(b)(1)(A); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("[T]he Supreme Court explained that circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited[.]").

**C. Christopher's notices (ECF Nos. 7–8, 13–15) are stricken as improper.**

The court has authority to strike an improper filing under its inherent power to control its docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That is because "[e]very paper filed with the . . . [court], no matter how repetitive or frivolous, requires some portion of the institution's limited resources," and "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Here, Christopher has filed several improper "Notices." *See* ECF Nos. 7–8, 13–15.[6]

Notices are a type of filing that should rarely be used and only for administrative functions—such as notifying the court of an address change or informing the court that an attorney is appearing to represent a client. *See, e.g.*, Local Rule IA 3-1 (notifying court of a change of contact information); LR IA 1-4 (submitting a notice of an in-camera submission); LR IC 1-1(d) (notices of manual filings). Notices cannot, however, be used to make the court's docket a

---

[5] The court notes that defendant Sills Cummis & Gross P.C., a New Jersey based law firm, filed a limited opposition to the motion for a TRO. *See* ECF No. 17. Therein, Sills confirms it has not been served with the summons or complaint. *Id.* at 3.

[6] Excluded from this list is the notice of related cases docketed at ECF No. 3. While unnecessary, I do not find this notice was improperly filed.

repository for allegations against defendants or alleged discovery. *See Hinojos v. Weir*, 2025 WL 2337103, at *2 (D. Ariz. Aug. 12, 2025) ("The court's docket is not a repository for the parties' evidence."); *see also Dillon v. Corr. Corp. of Am.*, 2021 U.S. Dist. LEXIS 272388, at *3 (D. Nev. July 19, 2021) ("The Court's docket is not a repository for miscellaneous documents that a litigant believes may support his claims."). All court filings requesting relief or requesting that the court make a ruling or take an action of any kind must be filed in the form of a motion and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 7; LR 7-2. Accordingly, because they are improperly filed, Christopher's notices are stricken.

### D.  Christopher's motion for leave to supplement (ECF No. 12) is denied.

Like some of the improperly filed notices, this motion seeks to lodge a list of purported discovery. *See* ECF No. 12. This motion is denied for three reasons. First, it is denied because, as explained above, courts are not repositories for discovery. Second, Federal Rule of Civil Procedure 7(b)(1) requires that any "request for a court order must . . . state with particularity the grounds for seeking the order" and "state the relief sought." *Costigan v. Lawrence*, 2025 WL 2644727, at *3 n.24 (D. Alaska Sept. 15, 2025). This requirement ensures that courts understand precisely what action a party is requesting and provides the opposing party with adequate notice to respond appropriately. Christopher's motion fails to meet Rule 7(b)(1)'s requirements. Instead, it summarizes purported evidence and suggests that additional evidence will become available. But it neither asserts what sort of relief is sought nor  states with particularity the grounds for filing the motion. Finally, the motion fails to cite any points and authorities in support thereof. Local Rule 7-2(d) states that "the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d); *see also Alexander v. Chadwick*, 2024 WL 21956, at *1 (D. Nev. Jan. 2, 2024) (collecting cases where motions were denied for failing to comply with LR 7-2(d)). For all these reasons, Christopher's motion for leave to file a supplement is denied. Because the motion is an attempt to lodge purported discovery with the court, I strike the filing.

**E.   Christopher's request for judicial notice (ECF No. 11) is denied.**

Christopher filed a request for judicial notice of a variety of documents, information, and statutes. *See* ECF No. 11. Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).

However, just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). And a court cannot take judicial notice of disputed facts contained in such public records. *Id.* Further, and important here, a court may not take judicial notice of the truth of disputed factual matters at the pleading stage. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Christopher's request for judicial notice is denied for several reasons. First, the request is premature because this case is still at the pleading stage. Second, while the request includes taking judicial notice of public records, the request seemingly asks this court to take judicial notice of disputed facts contained therein. *See, e.g.*, ECF No. 11 at 2 (asking the court to take judicial notice of language included in a will without providing a certified copy of that document and asking that the court take judicial notice of a business and has "substantial value."). Finally, I deny Christopher's request that I take judicial notice of federal statutes. Federal Rule of Evidence 201 explicitly limits judicial notice to "adjudicative facts only." Statutes, constitutions, and procedural rules are classified as legislative facts, which fall outside the scope of Rule 201.

**II.    Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's motion for a temporary restraining order [ECF No. 2] is DENIED.

7

IT IS FURTHER ORDERED that the plaintiff's emergency motion for an expedited hearing [ECF No. 9] is DENIED.

IT IS FURTHER ORDERED that the plaintiff's emergency motion for identify vindication and a court-mandated investigation [ECF No. 10] is DENIED.

IT IS FURTHER ORDERED that the plaintiff's request for judicial notice [ECF No. 11] is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to supplement [ECF No. 12] is DENIED. The Clerk of Court is kindly directed to strike ECF No. 12.

IT IS FURTHER ORDERED that the notices docketed at [ECF Nos. 7, 8, 13, 14, 15] are STRICKEN as improper.

Christopher Bradley is reminded that proof of service is due by April 16, 2026.

Dated: February 2, 2026

_____
Cristina D. Silva
United States District Judge

8