**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Christopher Bradley, | Case No. 2:26-cv-00102-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Carla Bradley, et al., | |
| Defendants. | |

Plaintiff Christopher Bradley, who is proceeding pro se, filed a Complaint asserting, inter alia, claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 42 U.S.C. § 1983, 42 U.S.C. § 1985, and several state laws against family members, attorneys, judges, banks, government employees, and many unnamed participants.

After reviewing Plaintiff's Amended Complaint and the relevant legal authority, this Court sua sponte dismisses his complaint for failure to comply with Federal Rule of Civil Procedure 8.

In turn, this Court also recommends that his pending motions be denied as moot: Motion to Request Production of Documents (ECF No. 19), Emergency Ex-Parte Motion for Court to Issue Arrest Warrant or Refer for Immediate Criminal Prosecution (ECF No. 21), Emergency Motion for Leave to File Amended Complaint (ECF No. 22), Emergency Motion for Judicial Notice of Plaintiff's Origin Story (ECF No. 24), Emergency Motion for Production of Forged Medical Records (ECF No. 25), Motion to Compel Production of False Criminal Records (ECF No. 26), Motion for Sanctions (ECF No. 27), Motion for Referral to FBI for Federal Crime (ECF No. 28), Emergency Motion for Judicial Notice of Fraudulent Probate (ECF No. 29), Motion for Sanctions (ECF No. 30), Emergency Motion for Judicial Notice of Plaintiff Origin Story (ECF No. 31), Motion for Referral to FBI Human Trafficking Task Force and for Enhanced RICO Damages (ECF No. 32), Emergency Motion for Judicial Notice of Fraudulent Probate Proceedings and to Confirm in Nevada (ECF No. 33), Emergency Motion for Temporary Restraining Order (ECF No. 34), Emergency Motion for Preliminary Injunction (ECF No. 35),

Emergency Motion for Judicial Notice of Fraudulent Probate (ECF No. 36), Motion for Sanctions (ECF No. 37), Emergency Motion for Immediate Arrest and Detention of Defendants (ECF No. 42), Emergency Motion for Murder Charges (ECF No. 45), Emergency Motion for Immediate Disbarment of Attorneys (ECF No. 47), Emergency Motion for Judicial Removal of Judge Matthew J. Titone (ECF No. 48), Emergency Motion Referral to Bar Associations and Judicial Conduct Commissions (ECF No. 49), Emergency Motion for Search Warrant (ECF No. 51), Emergency Motion Requesting U.S. Attorney Seek Death Penalty (ECF No. 52), and Motion for Criminal Asset Forfeiture (ECF No. 53).

Finally, this Court will give him an opportunity to file an Amended Complaint that is compliant with Rule 8 and that addresses the deficiencies identified herein.

This Court will not consider any motion of Plaintiff's without first ensuring there is a complaint on file in this matter that complies with Rule 8. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel and for other litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Should Plaintiff file any other motions, notices, or documents of any kind prior to such determination, this Court will automatically strike them.

## I.    BACKGROUND

Plaintiff alleges that he is the intended beneficiary and rightful heir to substantial family estates that were allegedly stolen from him through a decades-long criminal enterprise orchestrated by various members of his family. According to the complaint, Plaintiff's grandparents owned estates valued between $900 million and $1.5 billion. Plaintiff claims that beginning in the 1990s, members of his family engaged in a coordinated scheme to seize control of those assets through murder, forgery, fraud, and manipulation of court proceedings.

The complaint asserts that Carla Bradley allegedly murdered multiple family members through systematic poisoning in order to obtain control of the family wealth. Plaintiff further alleges that forged wills were created to divert inheritance away from him and toward various defendants. He claims that New York Surrogate's Court proceedings were corrupted through

falsified documents, fraudulent affidavits of service, and judicial misconduct, allowing the stolen estates to be laundered and distributed among conspirators.

In addition to the family defendants, Plaintiff accuses numerous professionals, government officials, financial institutions, and corporate entities of participating in or facilitating the scheme. These include attorneys who allegedly assisted with fraudulent filings, banks that allegedly laundered stolen money, telecommunications companies accused of enabling surveillance and identity theft, and various unnamed "Doe" defendants who purportedly received bribes or illegal payments. Plaintiff describes the alleged operation as a "35-year criminal enterprise" involving hundreds of participants and resulting in the theft of more than $1.5 billion.

Plaintiff also claims that, in more recent years, he has been subjected to surveillance, harassment, defamation, and attempts to portray him as mentally unstable in order to discredit him and prevent exposure of the alleged crimes. He asserts that law enforcement and medical professionals were enlisted to create false records and reports about him.

## II.    RULE 8

The law mandates that even pro se complaints must, at minimum, comply with pleading requirements delineated by Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). To comply with Rule 8, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation therein "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the standard enunciated at Rule 8 as the "fair-notice" standard, which merely requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8 is "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). Dismissal under Rule 8 typically is reserved for "those instances in which the complaint is so 'verbose, confused and redundant that its true substance, if

any, is well disguised.'" *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2007). As the Ninth Circuit has observed:

> [p]rolix, confusing complaints ... impose unfair burdens on litigants and judges .... Defendants are ... put at risk that ... plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all and that res judicata affects of settlement or judgment will be different from what they reasonably expected .... The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. [Sh]e then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

District courts possess inherent authority to dismiss sua sponte a pleading that fails to comply with Rule 8. *See Hearns*, 530 F.3d at 1131 (holding that a pleading may be dismissed sua sponte for failure to satisfy Rule 8); *see also Robert v. First Haw. Bank*, 172 F.3d 58 (9th Cir. 1999) (Mem.) (upholding district court's sua sponte Rule 8 dismissal); *Wolfe v. Yellow Cab Co-op., Inc.*, 880 F.2d 417 (9th Cir. 1989) (same).

Despite appearing pro se, Plaintiff is still required to submit a pleading that complies with Rule 8 to pursue the instant action. His complaint falls far short of the fair-notice standard delineated by that Rule. Far from "simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1), the complaint is disjointed, contains repetitive and conclusory allegations of wrongdoing, and some of the factual assertions do not bear on any legal claim he may be asserting. In short, the complaint is bereft of non-conclusory allegations that show how *each Defendant's* conduct was actionable thereunder and how he himself was injured by such conduct. That is, the complaint overwhelmingly groups defendants together without differentiating which defendant is responsible for the separate claims. Moreover, the complaint does contain a short and plain statement of the grounds for the court's jurisdiction.  Thus, his Complaint warrants dismissal under Rule 8.

**III.    LEAVE TO AMEND**

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of

the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As a result, this Court will allow Plaintiff to file an amended complaint that complies with Rule 8 and addresses all the deficiencies identified above. But, should Plaintiff file an amended complaint, he must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended pleading. Essentially, the amended complaint must inform Defendants—and this Court—who violated his rights, what facts show that his right were violated, when such violation occurred, where such violation occurred, and why Plaintiff is entitled to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

While this Court will not analyze every potential defect with his complaint, it notes that there may be issues with personal jurisdiction and venue, that he does not have a private right of action to bring claims under criminal statutes, and that there may be issues with immunity and with the statute of limitations. Plaintiff is to consider the foregoing before amending his complaint.

## III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint no later than March 13, 2026. Failure to amend by that date may result in a recommendation that the case be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff shall not file anything on the docket util this Court determines that his amended complaint comports with Rule 8.

/ /

/ /

/ /

**IT IS FURTHER ORDERED** that ECF Nos. 19, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 42, 45, 47, 48, 49, 51, 52, and 53 are **DENIED** as moot.

DATED: February 5, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE