**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Christopher Bradley,

Plaintiff,

v.

Carla Bradley, et al.,

Defendants.

Case No. 2:26-cv-00102-CDS-BNW

**REPORT AND RECOMMENDATION**

Pro se plaintiff Christopher Bradley filed an amended complaint is accordance with this Court's previous order. This Court now screens his amended complaint (ECF No. 58) as required by 28 U.S.C. § 1915(e)(2).

**I.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Allegations

Plaintiff's amended complaint alleges that a group of family members, along with associated individuals and entities, engaged in a long-running scheme to deprive him of his inheritance through forged wills, fraudulent probate proceedings, and financial misconduct. Plaintiff claims that estate assets—including business interests, real property, and other valuables—were wrongfully taken, laundered, and converted for Defendants' benefit. Plaintiff further alleges Defendants used falsified documents, sham legal processes, and coordinated conduct to conceal the scheme and exclude Plaintiff from estate distributions. It also includes broader allegations of related misconduct—such as fabrication of records, identity-related fraud, and other wrongful acts—purportedly undertaken to discredit Plaintiff and prevent him from asserting his rights.

## III.    Screening

This Court may raise the issue of improper venue on its own motion where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391.

Because Defendants are alleged to reside in Florida, New York, and New Jersey, venue is not proper in this District under 28 U.S.C. § 1391(b)(1). Nor does the complaint allege that a substantial part of the events or omissions giving rise to the claims occurred in Nevada, or that any property at issue is located in this District; thus, subsection (b)(2) is also inapplicable. Finally, subsection (b)(3) does not apply because there is no indication that this action could not be brought in another district where venue would be proper—such as a district where Defendants reside or where the alleged events occurred.

Accordingly, this Court finds that venue is improper in this District. This Court therefore recommends that this action be dismissed without leave to amend in this District and with leave to refile in a proper district.

**IV.     Conclusion**

**IT IS THEREFORE RECOMMENDED** that the amended complaint (ECF No. 58) be dismissed without leave to amend in this District, and with leave to amend in a District where venue may be proper.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 2, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE