UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Christopher Bradley,<br><br>               Plaintiff<br><br>v.<br><br>Carla Bradley, et al.,<br><br>               Defendants | Case No. 2:26-cv-00102-CDS-BNW<br><br>**Order Overruling Plaintiff's Objection and Accepting the Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 59, 60] |

Pro se plaintiff Christopher Bradley, filed an amended complaint on March 10, 2026, alleging (1) RICO; (2) conspiracy; (3) money laundering; (4) embezzlement; (5) a due process violation; (6) conspiracy to interfere with civil rights; (7) sex trafficking; (8) illegal electronic surveillance; (9) fabrication of false records; (10) attempted murder; (11) aggravated identify theft; (12) tax, bank, and social security fraud; (13) forged power of attorney, insurance and marriage record fraud; (14) conversion; and (15) fraud and unjust enrichment against a number of family members, a business, a law firm and its attorney, a judge, and the Richmond County Surrogate's Court. Am. compl., ECF No. 58. He seeks no less than $5,000,000,000 in damages. *Id.* at 6.

U.S. Magistrate Judge Brenda Weksler screened Bradley's complaint and issued a report recommending (R&R) that I dismiss the amended complaint without leave to amend in this district, but with leave to amend in a district where venue is proper. R&R, ECF No. 59. Bradley objects, arguing that venue is proper because he is a resident of Nevada and the "crimes against [him] were committed [in Nevada]." Obj., ECF No. 60 at 6. Unserved defendant Sills Cummis & Gross P.C. filed a limited response. Resp., ECF No. 61. After conducting a de novo review, I overrule Bradley's objection, accept the R&R in its entirety, and dismiss this case without leave to amend in the District of Nevada.

I.      Legal standard

"[A] party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b). Then, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* at (b)(1)(C). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sep. 16, 2014).

II.     Discussion

In the R&R, the magistrate judge finds that the defendants are alleged to reside in Florida, New York, and New Jersey; that a substantial part of the events giving rise to the claims did not occur in Nevada; and that no property at issue is located in Nevada. ECF No. 59. She therefore concludes that venue is improper in Nevada. *Id.* at 3. She further finds there is nothing preventing this action from being filed in another district where venue would be proper. *Id.* Accordingly, the magistrate judge recommends dismissal without leave to amend in this district. *Id.*

In its limited response, the defendant agrees with the magistrate judge's findings. ECF No. 61. It argues that "[t]here are simply no ties to Nevada beyond Plaintiff allegedly living here." *Id.* at 3. It further asserts that Bradley has failed to submit any evidence to support his claims that venue is proper in the District of Nevada. *Id.* I agree.

2

However, Bradley disagrees and asserts six objections: (1) this is his home, not a distant forum; (2) venue is proper because the defendants attempted to murder him in Nevada; (3) the defendants trafficked, monitored, and surveilled him in Nevada; (4) the R&R erred by failing to address his previously filed emergency motion; (5) he refuses to consent to a transfer of jurisdiction; and (6) he contends that "over 3,000 pages, 55+ documents, [and] 30+ emergency motions" were all denied. ECF No. 60.

First, Bradley argues that the "R&R treats Nevada as if Plaintiff has no real connection to this State." *Id.* at 2. He further asserts that he is a homeowner, and that Nevada is where he was monitored, surveilled, and targeted. *Id.* However, Bradley does not object to any specific portion of the report or address the substance of any particular finding in the R&R; which in turn has the same effect as failing to object. Therefore, I decline to review this portion de novo. Fed. R. Civ. P. 72(b)(2)–(3) (requiring an objecting party to file "specific written objections" and mandating de novo review only for portions of the magistrate judge's disposition that are "properly objected to."). Therefore, Bradley's first objection is overruled.

Second, Bradley argues that the magistrate judge erred in concluding that no substantial events occurred in Nevada. ECF No. 60 at 2. He contends that the R&R overlooks his allegations that the defendants "attempted to murder [him] in the State of Nevada." *Id.* Bradley further argues that "venue is proper wherever any predicate act of a RICO enterprise occurred." *Id.* at 2–3 (citing *Varsic v. U.S. District Court*, 607 F.2d 245, 248 (9th Cir. 1979)). However, Bradley mischaracterizes *Varsic*. Although *Varsic* addresses venue, it does not support Bradley's position. Moreover, this argument is insufficient to establish proper venue, so this objection is overruled as well.

Third, Bradley asserts that there are "additional independent bases for venue." *Id.* at 3. Here, he contends that the defendants violated federal statutes that purportedly establish venue in Nevada. *Id.* Specifically, Bradley identifies the following federal statues: 18 U.S.C. § 1591— human trafficking by force, fraud, or coercion; 18 U.S.C. § 1583—enticement into slavery; 18

3

U.S.C. § 1590—trafficking with respect to peonage, slavery, involuntary servitude; 18 U.S.C. § 2511—interception and disclosure of wire, oral, or electronic communications; 18 U.S.C. § 2512—manufacture, distribution, and possession "of illegal surveillance devices"; and 18 U.S.C. § 1962(c)—RICO, "based on trafficking and surveillance as predicate acts." *Id.*

However, these are criminal statutes that do not give rise to civil liability. In other words, because they do not provide a private right of action, a civil plaintiff cannot assert claims under them. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *see also Del Elmer, Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action . . . do not generally lie under the criminal statutes contained in Title 18 of the United States Code."). The sections Bradley cites do not provide any exceptions that would permit a civilian to bring claims, and do not establish venue in Nevada under these circumstances.[1] Accordingly, this argument fails to identify any error in the R&R's analysis or to show that the R&R misapplied the law in concluding that venue is improper in this district. I therefore overrule this objection.

I decline to review de novo Bradley's fourth, fifth, and sixth objections.[2] Fed. R. Civ. P. 72(b)(2), (3) (requiring an objecting party to file "specific written objections" and only requiring

---

[1] 18 U.S.C. § 1591 is a criminal statute that penalizes a defendant who has actual knowledge of or financially benefits from trafficking. Congress did create a private right of civil action for victims of trafficking under 18 U.S.C. § 1595. *Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011). This limited civil remedy allows victims to pursue claims against perpetrators of trafficking, or those who knowingly benefited financially from trafficking. *Id.* (citing 18 U.S.C. § 1595(a)). However, Bradley did not cite § 1595 in his complaint, and critically, together with a failure to establish venue, there are insufficient facts or allegations in Bradley's amended complaint to plausibly allege that the defendants actually engaged in some aspect of child trafficking or how the defendants knowingly benefited from and knowingly assisted, supported, or facilitated trafficking activities. *Doe v. WebGroup Czech Republic*, 2024 U.S. Dist. LEXIS 131697, *28 (C.D. Cal. July 24, 2024). Moreover, the allegations in the complaint demonstrate this claim is barred by the statute of limitations. The TVPRA requires all claims to be brought within 10 years after the cause of action arose or the victim reaches 18 years of age, whichever is later. *See* 18 U.S.C. § 1595(c)(1). The complaint alleges he was trafficking as a child, and was 5 years old in 1989, making him approximately 45 years old, well past the 10-year time frame permitted under 18 U.S.C. § 1595(c)(1). *See* ECF No. 58 at 4, ¶ 32.

[2] These objections assert that the R&R erred by failing to address Bradley's previously filed emergency motion was denied, his refusal to consent to a transfer of jurisdiction, and his contention that "over 3,000 pages, 55+ documents, [and] 30+ emergency motions" were all denied. ECF No. 60 at 3–6. Contrary to Bradley assertion, the law does not require the district court to review de novo his motions, which were unrelated to the R&R on venue.

the district judge to review decisions of the magistrate judge that have been "properly objected to."). Bradley's objections do not specifically address any findings or conclusions in the R&R, nor do they identify any error in the R&R's analysis or contend that it misapplied the law. As such, these objections are overruled.

Consequently, I find that Bradley has not established venue is proper in Nevada. Further, I am further satisfied that the R&R is not clearly erroneous nor contrary to law. The magistrate judge's R&R is therefore accepted in its entirety, and this action is dismissed without prejudice but without leave to amend in this district.[3]

**III.    Conclusion**

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 59] is accepted and adopted in full**, and Christopher Bradley's objection **[ECF No. 60] is overruled**. The plaintiff's amended complaint is dismissed without prejudice and without leave to amend in the District of Nevada.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

Dated: May 4, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."